UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS JAVIER AQUINO,<br>   Petitioner,<br>  v.<br>A. LOPEZ, warden,<br>   Respondent.     / | No. C 10-4413 SI (pr)<br>**ORDER TO SHOW CAUSE** |

**INTRODUCTION**

Carlos Javier Aquino, an inmate at the California State Prison in Corcoran, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

The petition provides the following information: Aquino was convicted in Santa Clara County Superior Court of attempted murder, assault with a deadly weapon and shooting at an occupied vehicle. On June 12, 2007, he was sentenced to 25 years to life plus ten years in prison. Aquino appealed; his conviction was affirmed by the California Court of Appeal and he did not petition for review in the California Supreme Court. He filed several unsuccessful habeas petitions in state courts. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims:  First, Aquino claims that he received ineffective assistance of counsel in that counsel failed to investigate, was not prepared during in limine proceedings, was unprepared to cross-examine witness Felardo, failed to challenge officer Johnson's testimony, failed to object to hearsay testimony, refused to allow Aquino to testify and failed to seek a hearing on the prosecution's intimidation tactics. Liberally construed the claim is cognizable in federal habeas as a claim for a denial of the Sixth Amendment right to effective assistance of counsel.

Second, Aquino claims that his right to due process was violated because the prosecutor engaged in misconduct in that he "intimidated and threatened witnesses; used the fruits of the intimidation in closing arguments; led witnesses on the stand; and fail[ed] to secure two vital witnesses that might have been favorable to the defense." Petition, pp. 26-27. Liberally construed, the due process claim is cognizable in a federal habeas action.

Third, Aquino claims that he received ineffective assistance of counsel on appeal in that counsel failed to file a petition for rehearing or a petition for review in the California Supreme Court after his conviction was affirmed on appeal. "[T]he right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). There is no constitutional right to an attorney in any other state post-conviction proceedings.

See Coleman v. Thompson, 501 U.S. 722, 755-57 (1991) (no right to counsel on appeal from state habeas trial court judgment); Finley, 481 U.S. at 556 (no right to counsel in state collateral proceedings after exhaustion of direct appellate review); Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (no right to counsel when pursuing discretionary state appeal). Where no constitutional right to counsel exists, there can be no claim for ineffective assistance. See Coleman, 501 U.S. at 757; Torna, 455 U.S. at 587-88 (no ineffective assistance of counsel claim for retained counsel's failure to file timely application for discretionary state appeal when no right to counsel at such proceeding). Aquino's claim that counsel was ineffective is dismissed because counsel's allegedly ineffectiveness occurred at stages – i.e., during the discretionary petition for rehearing and petition for review stages – at which he did not have a constitutional right to counsel. The fact that he allegedly contracted with counsel to file these documents does not change the result because the scope of the right for habeas purposes is defined by the U.S. Constitution and not a contract.

## CONCLUSION

For the foregoing reasons,

1. The petition states two cognizable claims for habeas relief and warrants a response. The claim for ineffective assistance of appellate counsel is dismissed.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **May 20, 2011**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse

with the court and serving it on respondent on or before **June 30, 2011**.

5. Petitioner is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

DATED: March 10, 2011

SUSAN ILLSTON
United States District Judge